**Electronically Filed
Intermediate Court of Appeals
30160
15-DEC-2011
07:50 AM**

NO. 30160

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JAMES ARCIERO; LIONEL CAMARA, JR.; ADAM H. ENOS, JR.;
PETER GASKELL; WILLIAM K. KAAI, JR.; HIRAM KELIIPIO; SCOTT
LAWTON; PAUL LOUGHRAN; NATHAN RAMOS, JR.; RONALD RICO;
JAMES K. PERKINS; JAMES SKELLINGTON; and EDMUND SUZUKI,
Appellants-Appellees,
v.
CITY AND COUNTY OF HONOLULU,
Appellee-Appellant,
and
CIVIL SERVICE COMMISSION, CITY AND COUNTY OF HONOLULU,
Appellee-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0685)


MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)


        In this secondary appeal of an administrative agency
decision, Appellee-Appellant City and County of Honolulu (City)
appeals from the Partial Judgment for Appellants (Judgment) filed
on October 21, 2009 in the Circuit Court of the First Circuit[1]
(circuit court).  The circuit court entered partial judgment in
favor of Appellants-Appellees James Arciero; Lionel Camara, Jr.;
Adam H. Enos, Jr.; Peter Gaskell; William K. Kaai, Jr.; Hiram

_____

        [1]  The Honorable Eden Elizabeth Hifo presided.

Keliipio; Scott Lawton; Paul Loughran; Nathan Ramos, Jr.; Ronald Rico; James K. Perkins; James Skellington; and Edmund Suzuki (collectively, Battalion Chiefs) and against City, pursuant to the court's October 21, 2009 Decision and Order of Remand (Remand Order).

On appeal, City contends:

(1) The circuit court erred in reversing the February 24, 2009 Findings of Fact/Conclusions of Law and Order entered by the City and County of Honolulu's Civil Service Commission (the Commission).

(2) The circuit court's Judgment and Remand Order are against public policy.

## I.  BACKGROUND

The issue in this case is whether Hawaii Revised Statutes (HRS) § 89C-3 (Supp. 2010) requires City to ensure that adjustments for excluded civil service employees result in compensation and benefit packages that are at least equal to the compensation and benefit packages provided under collective bargaining agreements for counterparts and subordinates within the employer's jurisdiction.

Battalion Chiefs are assigned to Honolulu Fire Department (HFD) "Operations," are excluded civil service employees, and are not members of Bargaining Unit 11 (BU 11).  On June 25, 2003, HFD implemented the "Rank for Rank Recall Program" (Rank for Rank Program), which entitled HFD fire fighters to work overtime to fill vacancies left by similarly ranked counterparts who had taken vacation leave.  The Rank for Rank Program modified BU 11's collective bargaining agreement (CBA), which covers HFD fire fighters.  However, because Battalion Chiefs were not part of BU 11, they were not eligible to participate in the Rank for Rank Program.

On July 10, 2004, Battalion Chiefs sent a memorandum to the Fire Chief asking him to pursue the Rank for Rank Program for

2

"all 15 HFD Operational Battalion Chiefs." On July 23, 2004, the Fire Chief forwarded the memorandum to the Director of City's Department of Human Resources (DHR). The Director objected to Battalion Chiefs' participation in the Rank for Rank Program. On July 1, 2005, a new BU 11 CBA became effective that included a provision continuing the Rank for Rank Program. Also on July 1, 2005, amendments to HRS § 89C-3 became effective. The amended statute provides:

> §89C-3 Adjustments for excluded civil service employees. (a) Each jurisdiction shall provide adjustments for its respective excluded civil service employees based on recommendations from its respective personnel director.
>
> (b) In formulating recommendations to the appropriate authority, the respective director shall:
>
> (1) Establish procedures that allow excluded civil service employees and employee organizations representing them to provide input on adjustments that are relevant and important to them for the director's approval;
>
> (2) Ensure that adjustments for excluded civil service employees result in compensation and benefit packages that are at least equal to the compensation and benefit packages provided under collective bargaining agreements for counterparts and subordinates within the employer's jurisdiction; and
>
> (3) Ensure that proposed adjustments are consistent with chapter 76 and equivalent or not less than adjustments provided within the employer's jurisdiction.

"Adjustment" is defined as "a change in wages, hours, benefits, or other term and condition of employment." HRS § 89C-1.5 (Supp. 2010). The purpose of the amendment was to require "excluded employees to be compensated at a level that is at least equal to the compensation and benefit packages provided under collective bargaining agreements for their counterparts and subordinates." S. Stand. Comm. Rep. No. 1857, in 2005 Senate Journal, at 1901.

On July 13, 2005, Battalion Chief Paul Loughran wrote to DHR asking why "'Bureau Opportunity Benefit Incentive' pay was provided to Bureau Battalion Chiefs as an adjustment, but the Operational Battalion Chiefs did not receive an adjustment for

the Rank for Rank Program." DHR's Director responded on October 25, 2005, but failed to provide an explanation. DHR's Director did indicate that City would require Battalion Chiefs who wanted to participate in the Rank for Rank Program to take a cut in base pay.

DHR offered each Battalion Chief the opportunity to participate in the Excluded Managerial Compensation Plan (EMCP) schedule or BU 11's SR-28 salary schedule (BU Option). The BU Option would have followed BU 11's salary schedule and would have provided Battalion Chiefs with all the benefits included in BU 11's CBA, including participation in the Rank for Rank Program. However, Battalion Chiefs all chose the EMCP schedule because it offered a larger monthly pay raise and substantial yearly step increases in salary. In a letter dated April 18, 2007, Battalion Chiefs, through counsel, asked DHR to provide the Rank for Rank adjustment. DHR denied Battalion Chiefs the Rank for Rank adjustment, and on May 30, 2007, Battalion Chiefs filed an appeal with the Commission.

By a 3 to 1 vote, the Commission denied Battalion Chiefs' appeal. The Commission concluded that the BU Option satisfied the requirements of HRS § 89C-3(b)(2) because the "compensation and benefit package was 'at least equal to the compensation and benefit packages provided under the collective bargaining agreement for counterparts and subordinates within the employer's jurisdiction.'" The Commission then analyzed whether the EMCP package satisfied the requirements under 89C-(b)(2).

> 50. With regard to the **second** requirement, [Battalion Chiefs] first argue that because the members of BU 11 have the benefit of Rank for Rank, Section 89C-3(b)(2) *requires* the City to give the same benefit to the Battalion Chiefs. This is simply not correct. The statute requires that the Chiefs be provided with total compensation and benefit "*packages,*" not specific benefits, which are:
>
> > "at least equal to the compensation and benefit packages provided under collective bargaining agreements for counterparts and subordinates within the employer's jurisdiction."
>
>     *                *                *

60. In evaluating a true base pay to base pay comparison, it is clear that by choosing the EMCP schedule, a Battalion Chief could safely earn more than his subordinates who worked an equal number of base hours. In this regard, some individuals may simply not be interested or able to consistently work extra hours, and therefore might consider such a package to be superior for their circumstances for this reason alone. The fact that none of the [Battalion Chiefs] claim to subscribe to this philosophy does not extinguish the fact that a reasonable person could find the EMCP package superior to the benefits afforded to his or her subordinates for that reason alone. Accordingly, this hypothetical example does not in and of itself denote a violation of HRS § 89C-3(b)(2).

61. Moreover, Rank for Rank only affects overtime opportunities arising when [Battalion Chiefs] take scheduled vacation leave, and has no impact upon other overtime opportunities that are available to [Battalion Chiefs]. . . . Thus, the fact that [Battalion Chiefs] are precluded from earning more income by participating in Rank for Rank misses the point that [Battalion Chiefs] have at all times had the opportunity to earn additional income by taking advantage of other forms of overtime available to them.

62. Accordingly, the Commission concludes that the 2005 EMCP adjustment complied with HRS § 89C-3(b)(2) and resulted in a compensation and benefit package that generally equaled or exceeded the compensation and benefit package provided to subordinates.

(Footnote omitted.) In its Conclusions of Law, the Commission held that DHR

did not fail to recommend adjustments to the benefits available to the Battalion Chiefs as required by HRS 89C-3(b)(2) . . . . In particular, the Director was not obligated to recommend that the Battalion Chiefs receive Rank for Rank just because that benefit was available to the members of the Collective Bargaining Unit they supervised. The Director was obligated to provide [Battalion Chiefs] with compensation packages that were at least equal to their included subordinates and the Commission finds that [the Director] did so in providing them with a choice between the SR-28 and the EMCP options.

Battalion Chiefs appealed the Commission's decision to the circuit court. The circuit court reversed the commission, holding that

Section 89C-3 was amended in 2005 to require that compensation and benefits packages for excluded managerial employees such as the Battalion Chiefs must be "at least equal to" the compensation and benefits packages of those they supervise. In 2005, the City refused to adjust the Battalion Chiefs' compensation and benefits packages to allow the Battalion Chiefs to participate in Rank for Rank.

\*             \*             \*

5

> The construction of HRS § 89C-3 is a question of law and the Commission's decision is reviewed *de novo*. Because the Court finds that the Commission misinterpreted and misapplied the applicable law, the Court is not required to give any deference to the Commission's decision.
>
> HRS § 89C-3(b) provides in pertinent part:
>
> > In formulating recommendations to the appropriate authority, the respective director *shall*:
> > . . . .
> >
> > > (2) Ensure that adjustments for excluded civil service employees result in compensation and benefit packages that are at least equal to the compensation and benefit packages provided under collective bargaining agreements for counterparts and subordinates within the employer's jurisdiction.
>
> HRS § 89C-(b)(2) . . . (emphasis added).
>
> The Court finds that the law has been misinterpreted and misapplied. As used in the statute, HRS § 89C-3(b), the term "shall" is not a matter of discretion, but is a directive. The Court further finds that Section 89C-3 was amended in 2005 to fix the very problem that still remains.
>
> The law required the City to offer [Battalion Chiefs] the opportunity to participate in the Rank for Rank Program at their existing level of base pay (i.e., the EMCP), and not require or force a reduction in base pay, assuming that every opportunity for overtime would be used in order to make up the difference. The City was required by law to give [Battalion Chiefs] the opportunity to take the overtime that would be contemplated by Rank for Rank based on scheduled vacations, so that if they so choose, [Battalion Chiefs] could exceed the level of compensation package that their subordinates were given under the Bargaining Unit SR system plus Rank for Rank which, it is not disputed on the record, is illustrated by, at least in some cases, a $10,000.00 difference in pay over a year.

(Footnote and brackets in original omitted.) The circuit court reversed the Commission and remanded for a determination of damages. City timely appealed.

## II. STANDARDS OF REVIEW

### A. Administrative Agency - Second Appeal

Review of a decision made by the circuit court upon its review of an agency's decision is a secondary appeal. In an appeal from a circuit court's review of an administrative decision the appellate court will utilize identical standards applied by the circuit court. Questions of fact are reviewed under the "clearly erroneous" standard. In contrast, an agency's legal conclusions are freely reviewable. An agency's interpretation of its rules receives deference unless it is plainly erroneous or inconsistent with the underlying legislative purpose.

<u>Hawaii Teamsters & Allied Workers, Local 996 v. Dep't of Labor & Indus. Relations</u>, 110 Hawai'i 259, 265, 132 P.3d 368, 374 (2006) (internal quotation marks and citations omitted).

### B. Statutory interpretation

Questions of statutory interpretation are questions of law to be reviewed *de novo* under the right/wrong standard.

Our statutory construction is guided by the following well established principles:

our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool.

[The appellate] court may also consider the reason and spirit of the law, and the cause which induced the legislature to enact it to discover its true meaning.

<u>Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152</u>, 107 Hawai'i 178, 183, 111 P.3d 587, 592 (2005) (internal quotation marks, brackets and ellipses omitted) (quoting <u>Guth v. Freeland</u>, 96 Hawai'i 147, 149-50, 28 P.3d 982, 984-85 (2001)).

### III. DISCUSSION

A. **The circuit court did not err when it reversed the Commission's decision to deny Battalion Chiefs the Rank for Rank benefit.**

On appeal, City contends that "Battalion Chiefs' attempt to obtain a benefit available to members of the Bargaining Unit is not proper and contrary to the law. As such, the [Commission's] decision should not have been reversed." City quotes part of the Commission's decision, in which the Commission concluded that "the 2005 EMCP adjustment complied with HRS

Section 89C-3(b)(2) and resulted in a compensation and benefit package that generally equaled or exceeded the compensation and benefit package provided to subordinates."

As the circuit court noted, HRS §89C-3(b)(2) provides that the Director of DHR "shall . . . [e]nsure that adjustments for excluded civil service employees result in compensation and benefit packages that are at least equal to the compensation and benefit packages provided under collective bargaining agreements for counterparts and subordinates within the employer's jurisdiction[.]" The circuit court did not err when it concluded that Battalion Chiefs did not receive a compensation and benefit package at least equal to their counterparts and subordinates because (1) the EMCP package provided to Battalion Chiefs did not include the Rank for Rank benefit and (2) Battalion Chiefs' subordinates' compensation and benefit package did include the Rank for Rank benefit.

**B.    The circuit court's Judgment and Remand Order are not against public policy.**

Without citing to any case law in support of its position, City argues that the circuit court's Judgment and Remand Order violate "public policy because [they] gave bargaining unit rights to excluded managers, in direct contravention of HRS Chapter 89C." Moreover, City argues that the circuit court "is impermissibly acting as a bargaining representative for the Battalion Chiefs." HRS § 89C-3 does not provide Battalion Chiefs with bargaining rights, but, as noted above, it requires adjustments for excluded civil service employees to "result in compensation and benefit packages that are at least equal to the compensation and benefit packages provided under collective bargaining agreements for counterparts and subordinates." HRS § 89C-3(b)(2). Therefore, City's second point on appeal is without merit.

8

## IV.  CONCLUSION

The Partial Judgment for Appellants filed on October 21, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, December 15, 2011.


On the briefs:

John S. Mukai and
Elisabeth A.K. Contrades,
Deputies Corporation Counsel,
City and County of Honolulu,
for Appellee-Appellant.

Margery S. Bronster,
Jeannette H. Castagnetti,
Robert Hatch
(Bronster Hoshibata)
for Appellants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

9